## In re WEINBERG.
### No. 15797.

District Court, E. D. New York.
Jan. 28, 1930.

Helfat & Corkland, of New York City, for objecting creditor.

Samuel L. Miller, of New York City, for bankrupt.

BYERS, District Judge.

Motion to confirm report of Hon. Alfred J. Hofman, referee in bankruptcy, bearing date December 3, 1929, sitting as a special master, recommending that the discharge of the bankrupt be denied.

 The bankrupt had been engaged in the butter, egg and cheese business at No. 9 Main street, Flushing, prior to the date of the petition (which was December 30, 1927), for upwards of seven years. Since that date, a business of the same character has been conducted in the same place, under the name of Flushing Grocery Company, said to be a corporation of which the bankrupt's attorney is president, which business is managed by the bankrupt's wife, at a salary the amount of which the bankrupt does not know; he testified that he opens and closes the store each day, and lives within ten minutes' walk of the store. That which he performs for the present occupant of the premises he says is purely voluntary, and includes the purchase of merchandise for the concern.

The bankrupt did business under his own name for about four years, then as "Leo Weinberg, Inc.," for three years. During an undisclosed period of time, but within this span of seven years, the bankrupt was the manager of Elwin Food Company, which occupied a portion of the same premises in which "Leo Weinberg, Inc.," conducted operations, namely, No. 9 Main street, Flushing. The bankrupt was the manager of that enterprise, and signed checks issued by it, and his schedules show that he owned two hundred shares of the stock, but, on his examination before the master, he was unable to state whether such was the fact. He said: "I will have to ask somebody interested in that."

The bankrupt owned all of the stock of "Leo Weinberg, Inc.," and admitted that whatever assets that corporation had were really his property.

In this period of seven years, the bankrupt testified that he had kept books and records, both in his individual and corporate capacities, and that such books were physically kept by several successive bookkeepers; that he had not seen the books for "eight or nine months probably," which would be in September, 1927.

The whereabouts of the books of the Elwin Food Company were said to be equally unknown to the bankrupt at the time of his examination, which was June 1, 1928, although he says the Elwin Company owed him money.

The following occurs in the examination: "Q. Where did you leave your individual books? A. I don't know what happened to them when the corporation went into exist-

-ence; they got thrown around from one place to another."

From the brief recital hereinbefore set forth, it will be seen that "from one place to another" can mean only from one place in No. 9 Main street, Flushing, to another place in the same premises.

The bankrupt has been actually engaged, under one guise or another, in the butter, egg, and cheese business at that address for upwards of seven years prior to his examination, and for the referee to have concluded otherwise than that the bankrupt concealed or failed to keep books of account, from which his financial condition and business transactions might be ascertained, would have been to entirely misapprehend the evident purpose of the bankrupt as revealed in his testimony. The first and second specifications are sustained by the evidence.

The sixth specification seems to be drawn in the interests of the creditors of Elwin Food Company and "Leo Weinberg, Inc.," and is available as a bar to the discharge of this bankrupt only to the extent that he can be shown to have transferred, between December 30, 1926, and December 30, 1927, to either or both, any of his property with intent to hinder, delay, or defraud his creditors. Perhaps, if the missing books were produced, conduct of that kind could be shown, but nothing in the evidence can now be pointed to as demonstrating such a condition of affairs. That specification must be deemed to be unproven.

The eighth specification is to the effect that the bankrupt made false oath in this proceeding by omitting from his schedules an item or items of indebtedness from said Elwin Food Company, and as to his knowledge and information concerning his own books of account, and those of his corporation and the Elwin Food Company.

The falsity of this bankrupt's testimony as to his own books of account is a matter which has already been discussed; the views in reference thereto apply as to the books of his own corporation.

The elaborate nonchalance with which he professes indifference and ignorance concerning the present enterprise, which he says his wife manages under the presidency of his attorney, colors his whole testimony, and leads to the conclusion that, as to matters essential to this inquiry, his testimony cannot be relied upon. He has not assumed the burden cast upon him by the 1926 amendment to section 14 of the Bankruptcy Act (11 USCA

§ 32), and the report must be confirmed as to the first, second, and eighth specifications.

2/3/30—The reference to the bankrupt's attorney in the foregoing opinion was not to the one who argued this motion for the bankrupt.